UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TUMELSON FAMILY LIMITED PARTNERSHIP, et al., | |
| Plaintiffs, | CASE NO. C03-1340JLR |
| v. | ORDER |
| WORLD FINANCIAL NEWS NETWORK, et al., | |
| Defendants. | |

Before the court is Defendant Ronald Slaughter's motion for summary judgment ordering the return of funds (Dkt. # 365).[1] For the reasons stated below, the court DENIES the motion.

In April 2005, a jury returned a verdict against all Defendants on virtually every claim Plaintiffs made against them. The jury found Mr. Slaughter and the other Defendants liable for $275,000 for violations of the Washington State Securities Act and

---

[1] Mr. Slaughter brings this motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. Rule 56(a) provides that summary judgment is appropriate when a party seeks to recover on "a claim, counterclaim, or cross-claim or to obtain a declaratory judgment . . . ." Fed. R. Civ. P. 56(a). Mr. Slaughter does not seek to recover on a claim of any kind, nor is he attempting to obtain a judgment. Instead, he seeks an execution of judgment. Such motions are properly brought as a writ of execution pursuant to Rule 69 of the Federal Rules of Civil Procedure. Nevertheless, the court considers the motion as framed and reaches its merits.

ORDER – 1

for breach of fiduciary duties.  The court denied Mr. Slaughter's motion for judgment as a matter of law and entered judgment in favor of Plaintiffs.  The court also held Defendants, including Mr. Slaughter, jointly and severally liable for the full $275,000 judgment.  In August 2005, Mr. Slaughter appealed the court's denial of his motion for judgment as a matter of law.

Mr. Slaughter did not move to stay execution of the judgment pending his appeal to the Ninth Circuit, which would have required that he post a supersedeas bond.  Fed. R. Civ. P. 62(d).  While there is no rule requiring Mr. Slaughter to post a bond pending his appeal, his failure to do so gave Plaintiffs the right to enforce and execute on the judgment against him.  Plaintiffs exercised this right, and collected $31,953.83 from Mr. Slaughter.

On February 28, 2007, the Ninth Circuit reversed the court's denial of judgment as a matter of law and vacated the judgment entered against Mr. Slaughter.  Mr. Slaughter thereafter filed the instant motion requesting the return of the $31,953.83 he paid to Plaintiffs.  He also requests "prejudgment interest" in the amount of 12%.  After filing his motion, Plaintiffs remitted to Mr. Slaughter full payment of the $31,953.83.  Mr. Slaughter continues, however, to argue that he is entitled to prejudgment interest on the funds Plaintiffs collected from him pending his appeal.

Mr. Slaughter cites no authority for his claim to prejudgment interest when, due to his own decision not to seek a stay of the execution of judgment, he paid monies to Plaintiffs to satisfy a judgment that the Ninth Circuit reversed.  Instead, Mr. Slaughter contends that it was Plaintiffs' conduct that created the situation where he paid out money that he need not pay because they "rushed" to collect money from Mr. Slaughter.  Mr. Slaughter's position is that Plaintiffs took an unnecessary "gamble" by immediately collecting on their judgment, which worked to their detriment because they now owe him interest.  The court does not agree.

ORDER – 2

The Federal Rules of Civil Procedure set forth a mechanism by which appellants may move the district court to stay execution of a judgment pending an appeal. <u>See</u> Fed. R. Civ. P. 62(d). Whether Mr. Slaughter's decision not to seek a stay was the result of his counsel's inadvertence or a tactical decision, the court will not, without some authority to the contrary, punish Plaintiffs for executing on a valid judgment by imposing prejudgment interest on the monies paid by Mr. Slaughter. Accordingly, the court DENIES Mr. Slaughter's motion (Dkt. # 365).

DATED this 23rd day of April, 2007.

JAMES L. ROBART
United States District Judge

ORDER – 3